IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:23-CV-00055

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **VERIFIED COMPLAINT FOR**<br>) **FORFEITURE *IN REM*** |
| APPROXIMATELY $4,551.00 IN U.S. CURRENCY seized from Eric Joseph Gaines on or about September 28, 2022, in Haywood County, North Carolina, | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

NOW COMES the United States of America, Plaintiff herein, by Dena J. King, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

### NATURE OF ACTION

1. This is a civil action *in rem* against approximately $4,551.00 in United States Currency ("the Defendant Currency") seized from Eric Joseph Gaines on or about September 28, 2022, in Haywood County, North Carolina.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. This Court has *in rem* jurisdiction over the Defendant Currency, and venue is proper pursuant to 28 U.S.C. § 1355(b)(1) because acts or omissions giving rise to the forfeiture occurred in the Western District of North Carolina.

4. Venue is also proper pursuant to 28 U.S.C. § 1395 because the Defendant Currency is located in the Western District of North Carolina.

5. The Defendant Currency was seized within and is now within the Western District of North Carolina.

## BASIS FOR FORFEITURE

6. This civil action is brought against the Defendant Currency because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## FACTS

7. On September 28, 2022, Deputy Green with the Haywood County Sheriff's Office Criminal Suppression Unit was observing traffic in his stationary patrol vehicle from the grass at Exit 33 on I-40 west.

2

8. While observing traffic, Detective Reagan with the Haywood County Sheriff's Office notified Deputy Green that he had observed a black 2009 BMW 328 in the area of Exit 37, which was traveling towards Deputy Green's location.

9. As the BMW passed by Deputy Green, he noticed that it did not appear to have a tag.

10. Deputy Green pulled out to follow the BMW, and it moved into the left lane and drastically reduced its speed. Using his headlights, Deputy Green was able to confirm that the vehicle had a temporary license plate, but due to an illegal tag cover, the tag number was obscured.

11. Deputy Green conducted a traffic stop of the BMW near mile marker 31 on I-40.

12. Deputy Green placed his car in park behind the BMW, and was able to see that the tag expired on August 31, 2022, and it was issued to a 2023 Hyundai, not a BMW.

13. Deputy Green approach the BMW on the passenger side and observed the sole occupant, who was later identified as Eric Gaines.

14. During the interaction, Deputy Green noticed that Mr. Gaines' hands were fidgeting, and his breathing was quick and shallow. Even though the outside

temperature was approximately 40 degrees Fahrenheit, Deputy Green could also see sweat forming on Mr. Gaines' brow.

15. During the interaction, Mr. Gaines informed Deputy Green that he was on parole for possession of a firearm by a felon on federal land.

16. Additional officers arrived on the scene to assist Deputy Green. One of these officers, Lieutenant C.S. Campbell, observed a set of digital scales in the passenger seat. Lieutenant Campbell asked Mr. Gaines if he had any past drug charges, and he stated, "No I don't even do drugs." Lieutenant Campbell also asked Mr. Gaines if he had anything illegal in the vehicle, and he stated he did not.

17. Lieutenant Campbell asked Mr. Gaines for consent to search the vehicle, and Mr. Gaines said "Yes, I don't mind at all."

18. During the search of the vehicle, officers located illegal narcotics and drug paraphernalia.

19. Among other things, officers located 2 sets of digital scales, one in the passenger seat and one under the driver's seat; a Smith & Wesson firearm in a fast food bag in passenger floorboard; 2 cell phones; multiple baggies of methamphetamine (totaling more than 506 grams); fentanyl (approximately 47 grams); and marijuana (approximately 13 grams); a pill press; and cutting agents.

20. Mr. Gaines was arrested and transported to the Haywood County Detention Facility.

21. The officers seized the Defendant Currency, $4,435.00 of which was located inside of Mr. Gaines' wallet, and the remainder was located inside of the BMW.

22. A trained and certified K-9 positively alerted to the Defendant Currency.

23. Mr. Gaines has an extensive criminal history, which includes felony drug charges and firearms offenses.

## ADMINISTRATIVE FORFEITURE

24. DEA timely adopted the seizure of the Defendant Currency and initiated an administrative forfeiture action against the Defendant Currency.

25. On December 3, 2022, Mr. Gaines filed a claim as to the Defendant Currency.

26. The United States now files this Complaint in response to that claim.

27. The following persons may have or claim an interest in the Defendant Currency:

Eric Joseph Gaines

## CONCLUSION

28. By virtue of the foregoing, all right, title, and interest in the Defendant Currency vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States of America.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Defendant Currency be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the Defendant Currency to be condemned and forfeited to the United States of America for disposition according to law; and

(4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Defendant Currency as required by 28 U.S.C. § 1921.

Respectfully submitted this 3rd day of March, 2023.

DENA J. KING
UNITED STATES ATTORNEY

**s/ Jonathan D. Letzring**
JONATHAN D. LETZRING
Assistant United States Attorney
Georgia Bar No. 141651
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Telephone No. (828) 271-4661
jonathan.letzring@usdoj.gov

7

# **VERIFICATION**

I am a Task Force Officer with the Drug Enforcement Administration. Pursuant to 28 U.S.C. § 1746, I hereby verify and declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: _____

MICHAEL REAGAN (Affiliate)
Digitally signed by MICHAEL REAGAN (Affiliate)
Date: 2023.03.03 13:44:14 -05'00'

Michael Reagan
DEA Task Force Officer