# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:23-cv-00055-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) vs. ) ) APPROXIMATELY $4,551.00 IN ) U.S. CURRENCY seized from Eric ) Joseph Gaines on or about ) September 28, 2022, in Haywood ) County, North Carolina, ) ) Defendant. ) _____ | **ORDER OF DEFAULT JUDGMENT** |

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment of Forfeiture. [Doc. 7]. Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture with respect to the approximately $4,551.00 in U.S. Currency ("Defendant Currency") seized from Eric Joseph Gaines as identified in the Complaint.

## I. FACTUAL BACKGROUND

Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2011);

see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Verified Complaint [Doc. 1] are deemed admitted as true. The following is a recitation of the relevant, admitted facts:

On September 28, 2022, Deputy Green with the Haywood County Sheriff's Office Criminal Suppression Unit was observing traffic in his stationary patrol vehicle from the grass at Exit 33 on I-40 west. [Doc. 1 at ¶ 7]. While observing traffic, Detective Reagan with the Haywood County Sheriff's Office notified Deputy Green that he had observed a black 2009 BMW 328 in the area of Exit 37, which was traveling towards Deputy Green's location. [Id. at ¶ 8]. As the BMW passed by Deputy Green, he noticed that it did not appear to have a tag. [Id. at ¶ 9]. Deputy Green pulled out to follow the BMW, and it moved into the left lane and drastically reduced its speed. [Id. at ¶ 10]. Using his headlights, Deputy Green was able to confirm that the vehicle had a temporary license plate, but due to an illegal tag cover, the tag number was obscured. [Id.].

Deputy Green conducted a traffic stop of the BMW near mile marker 31 on I-40. [Id. at ¶ 11]. Deputy Green placed his car in park behind the

2

BMW, and was able to see that the tag expired on August 31, 2022, and it was issued to a 2023 Hyundai, not a BMW. [Id. at ¶ 12]. Deputy Green approached the BMW on the passenger side and observed the sole occupant, who was later identified as Eric Gaines. [Id. at ¶ 13]. During the interaction, Deputy Green noticed that Mr. Gaines' hands were fidgeting, and his breathing was quick and shallow. [Id. at ¶ 14]. Even though the outside temperature was approximately 40 degrees Fahrenheit, Deputy Green could also see sweat forming on Mr. Gaines' brow. [Id.]. During the interaction, Mr. Gaines informed Deputy Green that he was on parole for possession of a firearm by a felon on federal land. [Id. at ¶ 15].

Additional officers arrived on the scene to assist Deputy Green. [Id. at ¶ 16]. One of these officers, Lieutenant C.S. Campbell, observed a set of digital scales in the passenger seat. [Id.]. Lieutenant Campbell asked Mr. Gaines if he had any past drug charges, and he stated, "No I don't even do drugs." [Id.]. Lieutenant Campbell also asked Mr. Gaines if he had anything illegal in the vehicle, and he stated he did not. [Id.]. Lieutenant Campbell asked Mr. Gaines for consent to search the vehicle, and Mr. Gaines said "Yes, I don't mind at all." [Id. at ¶ 17].

During the search of the vehicle, officers located illegal narcotics and drug paraphernalia. [Id. at ¶ 18]. Among other things, officers located two sets of digital scales, one in the passenger seat and one under the driver's seat; a Smith & Wesson firearm in a bag in passenger floorboard; two cell phones; multiple baggies of methamphetamine (totaling more than 506 grams); fentanyl (approximately 47 grams); and marijuana (approximately 13 grams); a pill press; and cutting agents. [Id. at ¶ 19].

Mr. Gaines was arrested and transported to the Haywood County Detention Facility. [Id. at ¶ 20]. The officers seized the Defendant Currency, $4,435.00 of which was located inside of Mr. Gaines' wallet, and the remainder was located inside of the BMW. [Id. at ¶ 21]. A trained and certified K-9 positively alerted to the Defendant Currency. [Id. at ¶ 22]. Mr. Gaines has an extensive criminal history, which includes felony drug charges and firearms offenses. [Id. at ¶ 23].

## II.   PROCEDURAL BACKGROUND

On March 3, 2023, the Government filed a Verified Complaint for Forfeiture In Rem, alleging that the Defendant Currency seized from Mr. Gaines is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). [Doc. 1].

4

On March 6, 2023, the Clerk issued a Warrant of Arrest In Rem for the Defendant Currency. [Doc. 2].

After the Government filed its Complaint, and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice of this action to known potential claimants. Specifically, on March 14, 2023, the Government mailed notice and a copy of the Complaint to Mr. Gaines. [Doc. 4]. Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with potential claims to the Defendant Currency by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on March 14, 2023. [Id.].

The Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). During the pendency of this action, no individual or entity has made a timely claim to the Defendant Currency.

On July 21, 2023, the Clerk entered an Entry of Default. [Doc. 6].

## III. DISCUSSION

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may seek forfeiture of currency if it was used, or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq. See 21 U.S.C. § 881(a)(6).

Based upon the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Currency is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the

notice requirements set forth in Supplemental Rule G(4). No individual or entity has timely filed a claim to the Defendant Currency.

After careful review, the Court finds that the Government has established that default judgment is appropriate.

## J U D G M E N T

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture [Doc. 7] is hereby **GRANTED**, and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the Defendant Currency identified in the Complaint.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the approximately $4,551.00 in U.S. Currency seized from Eric Joseph Gaines as identified in the Complaint is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the Defendant Currency as provided by law.

**IT IS SO ORDERED**.

Signed: September 18, 2023

*/s/ Martin Reidinger*
Martin Reidinger
Chief United States District Judge